IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN WILLIAMS, JR.,                     :      Civil No. 3:19-cv-70
                                          :
                 Petitioner               :      (Judge Mariani)
                                          :
        v.                                :
                                          :
ERIC TICE, et al.,                        :
                                          :
                 Respondents              :

## MEMORANDUM

Petitioner Norman Williams ("Williams") filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the

Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). For the reasons set

forth below, the Court will deny Williams' writ of habeas corpus.

## I. Background[1]

On January 10, 2005, following a jury trial, Williams was found guilty of second-

degree murder and criminal conspiracy. *Commonwealth v. Williams*, No. CP-22-CR-

0001173-2004 (Pa. Ct. Com. Pl. Dauphin Cnty.). On February 28, 2005, the trial court

sentenced Williams to a term of life imprisonment without the possibility of parole on the

second-degree murder conviction and a concurrent term of 12 to 24 years' incarceration for

---

[1]    A federal habeas court may take judicial notice of state court records. *Minney v. Winstead*,
2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714
n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly
available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of
Dauphin County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.

conspiracy. *Id.* Williams filed a direct appeal. *Id.* On March 21, 2006, the Pennsylvania Superior Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Williams' petition for allowance of appeal. *See Commonwealth v. Williams*, 898 A.2d 1136 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 907 A.2d 1102 (Pa. 2006); *see also* Docs. 14-1, 14-2.

On January 10, 2007, Williams filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. PCRA counsel was subsequently appointed, and counsel filed an amended PCRA petition. *See Commonwealth v. Williams*, No. CP-22-CR-0001173-2004. Counsel then filed a motion to withdraw. *See id.* The PCRA court granted counsel's motion and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. *See id.* On August 24, 2007, the PCRA court dismissed Williams' petition. *See id.* On September 27, 2007, Williams filed a notice of appeal with the Pennsylvania Superior Court. *See id.* On July 17, 2009, the Superior Court remanded the matter to determine whether Williams had filed a timely notice of appeal from the denial of PCRA relief. *See Commonwealth v. Williams*, No. 1667 MDA 2007, 981 A.2d 939 (Pa. Super. 2009).

On September 2, 2009, the PCRA court concluded that Williams had filed a timely appeal from the dismissal of his PCRA petition. *See Commonwealth v. Williams*, 2017 WL 3910236, at *1 (Pa. Super. 2017). Nevertheless, on November 9, 2009, the Superior Court

vacated the order denying PCRA relief and the order granting counsel's motion to withdraw, and remanded the matter, determining that counsel failed to satisfy the requirements of *Turner/Finley*[2], and thus the PCRA court erred by granting counsel's request to withdraw. *See Commonwealth v. Williams*, No. 1667 MDA 2007, 981 A.2d 939.

On remand, Williams filed a *pro se* motion to amend his original PCRA petition. *See Commonwealth v. Williams*, 2017 WL 3910236, at *1. On December 9, 2010, the PCRA court appointed new counsel and granted Williams leave to amend his PCRA petition. *See id.* Counsel then filed a supplemental PCRA petition on July 7, 2011. *See id.* On August 2, 2011, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. *See id.* However, the PCRA court did not take any action in the following year. *See id.* Therefore, on August 27, 2012, Williams filed another *pro se* PCRA petition and, on November 29, 2013, he filed a *pro se* praecipe for entry of judgment. *See id.* On February 4, 2014, the PCRA court entered two separate orders dismissing the counseled PCRA petition and the *pro se* petition. *See id.* The PCRA court also denied Williams' *pro se* praecipe for entry of judgment as moot. *See id.* Williams filed a timely notice of appeal. *See Commonwealth v. Williams*, 2015 WL 6666284, at *2 (Pa. Super. 2015) (unpublished memorandum).

---

[2]    *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On September 4, 2015, the Superior Court remanded the matter and directed the
PCRA court to appoint new counsel with instructions to review Williams' July 7, 2011
petition and either file an advocate's brief or an application to withdraw and a no-merit letter.
*Id.* On September 9, 2015, the PCRA court appointed new counsel, who subsequently filed
a motion to withdraw for medical reasons, which the PCRA court granted on March 30,
2016. *See Commonwealth v. Williams*, 2017 WL 3910236, at *2. The PCRA court again
appointed new counsel. *See id.*

On June 29, 2016, newly appointed counsel filed another petition in the PCRA court,
reiterating the same claims raised in the prior July 7, 2011 supplemental petition. *See id.*
At Williams' request, counsel filed an amended supplemental PCRA petition on July 28,
2016, raising additional claims. *See id.*

On November 18, 2016, the PCRA court issued an order stating that counsel's June
29, 2016 and July 28, 2016 filings did not comport with the directives of the Superior Court's
September 4, 2015 remand decision. *Commonwealth v. Williams*, 2020 WL 3397810, at *2
(Pa. Super. 2020). In accordance with the Superior Court's remand decision, the PCRA
court instructed counsel to: "(1) review [Williams'] counseled, supplemental PCRA petition
that was filed on July 7, 2011, and dismissed by the court on February 4, 2014; and (2) file
either an advocate's brief (appellate brief pertaining to the 2/4/14 dismissal of [Williams']
7/7/11 PCRA Petition) or an application to withdraw and a no-merit letter consistent with the
dictates of *Turner/Finley*, including a letter, which notifies [Williams] of the petition to

4

withdraw and advises him of his appeal rights." *Id.* (citing PCRA Court Order, dated November 18, 2016, at 2). Counsel subsequently filed an advocate's brief with the Superior Court, raising the same issues originally presented in the July 7, 2011 counseled, supplemental PCRA petition. *Id.* On September 7, 2017, the Superior Court affirmed the denial of Williams' first PCRA petition. *Commonwealth v. Williams*, 2017 WL 3910236, at *1-2 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 646 Pa. 24, 183 A.3d 351 (2018). On April 2, 2018, the Pennsylvania Supreme Court denied Williams' petition for allowance of appeal. *Id.*; *see also* Doc. 14-4.

On January 31, 2019, Williams filed another *pro se* PCRA petition. *Commonwealth v. Williams*, 2020 WL 3397810, at *2. On February 15, 2019, the PCRA court denied the petition as untimely. *See id.* Williams filed a timely *pro se* notice of appeal. (Doc. 14-5). On June 18, 2020, the Superior Court affirmed the PCRA court's decision dismissing the petition as untimely. *Commonwealth v. Williams*, 2020 WL 3397810 (Pa. Super. 2020), *appeal denied*, 663 Pa. 432, 242 A.3d 1246 (2020). On December 14, 2020, the Pennsylvania Supreme Court denied Williams' petition for allowance of appeal. *Id.*

Thereafter, Williams timely filed the instant petition pursuant to 28 U.S.C. § 2254. (Doc. 1). He subsequently filed an amendment to the petition. (Doc. 27).

## II.    Habeas Claims Presented for Federal Review

Williams seeks habeas relief based on the following grounds:

- Ground One: Trial counsel was ineffective for failing to call a toxicologist/expert witness regarding the effects of drugs on Williams' system during his statement to police.

- Ground Two: The trial court erroneously instructed the jurors that "of course [Williams] intended to kill" and therefore relieved the Commonwealth of its burden to prove its case beyond a reasonable doubt.  (Doc. 1, at 6).

- Ground Three: Trial counsel was ineffective for failing to request a mistrial or curative instruction when the jury saw Williams in handcuffs and shackles.

- Ground Four: Trial counsel was ineffective for failing to request a mistrial or curative instruction when a juror was sleeping during portions of the trial.

- Ground Five: Trial counsel was ineffective for advising Williams to testify in accordance with an illegally obtained police statement.

- Ground Six: Trial counsel was ineffective for failing to file a motion to sever.

- Ground Seven: Pre-trial counsel was ineffective for failing to file a motion to sever.

- Ground Eight: Trial counsel was ineffective for stating during closing argument that Williams' "statement was voluntary."  (Doc. 1, at 16).

- Ground Nine: Trial counsel was ineffective for failing to investigate and pursue a police brutality defense.

- Ground Ten: Trial counsel was ineffective for failing to object to the "incomplete version of threatened juror's account."  (Doc. 1, at 20).

- Ground Eleven: The trial court erroneously instructed jurors regarding the charge of intent.

- Ground Twelve: Williams' conviction was the result of a contaminated jury.

- Ground Thirteen: The trial court abused its discretion by allowing a witness to testify.

- Ground Fourteen: The prosecution knowingly used false testimony to secure a conviction.

- Ground Fifteen: Trial counsel was ineffective for failing to object to the jury being instructed on the crime of burglary.

(Doc. 1, at 5-33).

Additionally, in the amendment to the habeas petition, Williams seeks habeas relief

based on the following grounds:

- Ground One: Trial counsel was ineffective for failing to object to the following jury instruction: "If the Commonwealth's evidence proves beyond a reasonable doubt that either or both defendant's are guilty, then the defendant's are no longer presumed innocent at that point, and you would find each, or both of them guilty." (Doc. 27, at 4) (sic).

- Ground Two: Trial counsel was ineffective for failing to object to the trial court's felony murder instruction. The trial court erroneously instructed the jurors that "of course [Williams] intended to kill" and therefore relieved the Commonwealth of its burden to prove its case beyond a reasonable doubt. (Doc. 27, at 6-8).

- Ground Three: Trial counsel was ineffective for failing to object to the following jury instruction: "But if they simply intended to commit an assault, one of them did, and during the preparation, or while they were in there committing the burglary...the felony murder doctrine applies." (Doc. 27, at 8-9).

- Ground Four: Trial counsel was ineffective for failing to object to a juror tainting the jury pool regarding a supposed threat.

- Ground Five: Trial counsel was ineffective for failing to cross-examine a hostile co-defense witness.

- Ground Six: The Commonwealth presented and/or failed to correct false testimony.

- Ground Seven: The trial court abused its discretion, committing fraud on the court, regarding an alleged threat made against the judge and jury during trial.

- Ground Eight: Trial counsel was ineffective for not requesting a manslaughter instruction.

(Doc. 27).

## III.  Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A.    Exhaustion and Procedural Default

A habeas petitioner must exhaust state court remedies before obtaining habeas relief.  28 U.S.C. § 2254(b)(1)(A).  The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.  *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992).  However, in light of Pennsylvania

8

Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer

necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme

Court in order to exhaust state remedies under 28 U.S.C. § 2254(c).  *See Lambert v.*

*Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders

review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state

court remedies under § 2254(c).").[3]  The habeas petitioner has the burden of proving

exhaustion.  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited

circumstances on the ground that exhaustion would be futile.  *Lambert*, 134 F.3d at 518-19.

Where such futility arises from a procedural bar to relief in state court, the claim is subject to

the rule of procedural default.  *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).  In

addition, if the state court does not address the merits of a claim because the petitioner

failed to comply with the state's procedural rules in presenting the claim, it is also

procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner

establishes cause for the default and prejudice resulting therefrom, or that a failure to

---

[3]    In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c).  *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")).  This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review.  *Id.*

consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324.

B.    Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore,

that review on the merits of the issues presented in a habeas petition is warranted, the

scope of that review is set forth in 28 U.S.C. § 2254(d).  Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously

adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of,
> clearly established Federal law, as determined by the Supreme Court of the
> United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in
> light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not

sufficient for the petitioner to show merely that his interpretation of Supreme Court

precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome."  *Matteo v. Superintendent*,

171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court

decision to be an unreasonable application of federal law if the decision, "evaluated

objectively and on the merits, resulted in an outcome that cannot reasonably be justified

under existing Supreme Court precedent."  *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a

state court's findings of fact are correct.  A petitioner may only rebut this presumption with

clear and convincing evidence of the state court's error.  *Miller-El v. Cockrell*, 537 U.S. 322,

341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[4]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient

_____

[4]    "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

     C.     Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was

unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. *See Thomas*, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

## IV.   Discussion

It is first necessary to determine whether Williams' claims presented in his federal

habeas petition and amendment have been exhausted in the state courts and, if not,

whether the circumstances of his case are sufficient to excuse his procedural default.  The

Court will then proceed to address the merits of the exhausted claims.[5]

### A.   Defaulted Claims—Grounds Six through Fifteen of the Original Habeas Petition and Grounds One, and Three through Eight, of the Amendment to the Habeas Petition

Several of William's claims are procedurally defaulted, although the bases for the

defaults fall into different procedural categories.  The Court will identify the claims that fit

into each category and then set forth the standards applicable to the defaulted claims.

### 1.   Presented in an Untimely PCRA Petition (Grounds six through ten, and twelve through fourteen, of the original habeas petition and grounds one, and three through eight, of the amendment to the habeas petition)

Grounds six through ten, and twelve through fourteen, of the original habeas petition

and grounds one, and three through eight, of the amendment to the habeas petition are

---

[5]   "In considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims." *Simmons v. Beard*, 590 F.3d 223, 231-32 (3d Cir. 2009) (citing *Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008)).  Thus, "[w]e review the appellate court decision, not the trial court decision, as long as the appellate court 'issued a judgment, with explanation, binding on the parties before it.'" *Burnside v. Wenerowicz*, 525 F. App'x 135, 138 (3d Cir. 2013).  The Pennsylvania Superior Court's opinions, issued in 2017 and 2020, will be the primary reference points in addressing Williams' claims.  *See Commonwealth v. Williams*, 2017 WL 3910236 (Pa. Super. 2017); *Commonwealth v. Williams*, 2020 WL 3397810 (Pa. Super. 2020).

defaulted because Williams raised them in an untimely PCRA petition, and the Superior

Court found the claims waived. (Doc. 14-5; *Commonwealth v. Williams*, 2020 WL 3397810).

When the state court does not address the merits of a claim because the petitioner

failed to follow the state's procedural rules in presenting the claims, the claim will be

considered procedurally defaulted if the rule upon which the state court relied is

independent of the constitutional issue and adequate to support the decision. *Maples v.

Thomas*, 565 U.S. 266, 280 (2012); *Harris v. Reed*, 489 U.S. 255, 260 (1989). "[A] state

procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly

followed,'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and the rule "speaks in

unmistakable terms." *Doctor v. Walters*, 96 F.3d 675, 683 (3d Cir. 1996) (*abrogated on

other grounds by Beard v. Kindler*, 558 U.S. 53 (2009)). Thus, the procedural disposition

must comport with similar decisions in other cases such that there is a firmly established

rule that is applied in a consistent and regular manner "in the vast majority of cases." *Banks

v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 n.6

(1989)).

Here, the default is based on the Superior Court's finding of waiver, specifically that

Williams raised the claims in his untimely serial PCRA petition. *See Commonwealth v.

Williams*, 2020 WL 3397810, at *5 (finding that Williams' "current petition remains time-

barred, and the PCRA court lacked jurisdiction to review it"). Pennsylvania Rule of

Appellate Procedure states, "[i]ssues not raised in the lower court are waived and cannot be

raised for the first time on appeal." PA. R. APP. P. 302(a). And the PCRA statute of limitations provides that a post-conviction petition must be filed "within one year of the date the judgment becomes final." 42 PA. CONS. STAT. 9545(b)(1). Both appellate Rule 302(a) and the PCRA statute of limitations are independent and adequate bases to support a procedural default. *See Thomas v. Sec'y Pa. Dep't of Corr.*, 495 F. App'x 200, 206 (3d Cir. 2012) (finding that the waiver ruling by the Pennsylvania Superior Court was independent and adequate, supporting default); *Crocker v. Klem*, 450 F. App'x 136, 138 (3d Cir. 2011) (finding petitioner's claim defaulted under Rule 302(a); *Peterson v. Brennan*, 196 F. App'x 135, 142 (3d Cir. 2006) (finding that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief). As a result of the state courts' findings that these claims were waived, which were based upon independent and adequate state grounds, the claims are procedurally defaulted. *See Werts*, 228 F.3d at 194.

With respect to the defaulted claims in the original habeas petition, Williams admits that "[g]rounds 6-15 were not presented to the highest state court due to ineffective assistance of trial counsel and appointed PCRA counsel(s)." (Doc. 1, at 33). In the original habeas petition, Williams does not cite to *Martinez* to excuse the procedural default of these claims. However, because Williams cites to *Martinez* in the amendment to the habeas petition (Doc. 27, at 20), the Court will address the issue of *Martinez*.

*Martinez* recognized a narrow exception to the general rule that attorney errors in collateral proceedings do not establish cause to excuse a procedural default. *Martinez*, 566

U.S. 1. In *Martinez*, the United States Supreme Court held that in "initial-review collateral proceedings," where collateral review provides the first opportunity to litigate claims of ineffective assistance of appointed trial counsel, ineffective assistance of counsel can be "cause" to excuse the procedural default. *Martinez*, 566 U.S. at 8-11. The Court cautioned that its holding did not apply to counsel's error in other kinds of proceedings, such as "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 16. Its "equitable ruling" was designed to reflect the "importance of the right to effective assistance of counsel." *Id.* In order to establish such "cause," petitioner must show that the state courts did not appoint counsel during the initial-review collateral proceeding for a claim of ineffective assistance at trial, or where counsel was appointed, that counsel was ineffective under the standard set forth in *Strickland*, 466 U.S. 668. *Id.* at 14. Further, petitioner must also demonstrate that the underlying ineffectiveness claim is "substantial" and has "some merit." *Id.* *Martinez* does not excuse the non-cognizability of a petitioner's PCRA counsel ineffectiveness claims. *Id.* Under *Martinez*, only the procedural default of an underlying claim may be excused, and that is if the underlying claims allege ineffectiveness of trial counsel. *Id.*

Williams seeks to have the procedural default of grounds six through fifteen of the original habeas petition excused based on PCRA counsel's failure to pursue ineffective assistance of trial counsel claims "to the highest state court[,]" i.e, in PCRA *appeal*

18

proceedings, rather than the initial-review collateral proceedings.  (Doc. 1, at 33).  *Martinez* does not apply to counsels' errors in appeals from initial-review collateral proceedings. Moreover, to the extent that Williams is asserting an underlying claim of direct appeal counsel ineffectiveness, *Martinez* does not apply.  *See Davila v. Davis*, 582 U.S. 521, 524-25 (2017).  Further, *Martinez* does not apply to the procedural default of claims of trial court error.  *See House v. Warden*, 2015 WL 4508937, at *4 (M.D. Pa. 2015) (*Martinez* is "only applicable in the circumstance where PCRA counsel was ineffective in the initial-review collateral proceeding on a claim of ineffective assistance at trial" and has "no bearing" on claims of trial court error).[6]

Regarding Williams' contention that he can excuse the procedural default of his claims in this Court "due to ineffective assistance of trial counsel", the *Martinez* exception does not apply.  (Doc. 1, at 33).  This Court cannot excuse Williams' procedural default of his claims in this Court based on ineffective assistance of trial counsel.  As stated, the *Martinez* Court held that the procedural default of an ineffective assistance of trial counsel claim may be excused where the default was caused, in turn, by ineffective assistance of counsel, or the lack of counsel, in initial post-conviction collateral proceedings.  *Martinez*, 566 U.S. at 8-18.  Accordingly, habeas review of these claims is foreclosed.

---

[6]    In *House*, the District Court relied on the language set forth in the Third Circuit's Order denying the petitioner's application for a certificate of appealability.  In its Order denying the certificate of appealability, the Third Circuit explicitly held that "the narrow procedural holding in *Martinez* has no bearing on [claims of trial court error]."  *House v. Warden*, 2015 WL 4508937, at *3 (citing *House v. Warden SCI Mahanoy, et al.*, C.A. No. 13-1560 (3d Cir.)).

With respect to the defaulted claims in the amendment to the habeas petition, Williams invokes the *Martinez* exception. (Doc. 27, at 20). He argues that the procedural default of these claims was "(1) caused by ineffective assistance of initial-review Post-Conviction Relief Act Counsel, (2) the constitutionally ineffective assistance of counsel occurred during [Williams'] first timely filed PCRA where the claim could have been heard, and (3) the underlying claims are constitutionally sound in both state and federal dimensions." (*Id.*).

First, to the extent Williams seeks to excuse the procedural default of claims of trial court error, and not trial counsel ineffectiveness, *Martinez* is not available to alleviate the procedural default of these claims. *See, e.g., House*, 2015 WL 4508937, at *3-4 (citing *House v. Warden SCI Mahanoy, et al.*, C.A. No. 13-1560 (3d Cir.)). Federal review of these claims is precluded based on procedural default.

Second, Williams seeks to have the procedural default of his ineffective assistance of trial counsel claims excused based on PCRA counsel's errors pertaining to claims in his successive PCRA petition. The procedural default of Williams' ineffective assistance of trial counsel claims occurred during his serial PCRA petition, not his initial PCRA petition. (Doc. 14-5; *Commonwealth v. Williams*, 2020 WL 3397810). The *Martinez* Court specifically found that its holding "does not concern attorney errors in other kinds of proceedings, including...second or successive collateral proceedings." *Martinez*, 566 U.S. at 16.

20

Therefore, Williams' procedural default is not excusable under *Martinez* and federal review
is precluded.

### 2.    Never Presented to State Court (Grounds Eleven and Fifteen of the Original Habeas Petition)

Grounds eleven and fifteen of the original habeas petition have not been pursued in
the state courts. (Doc. 1, at 33). The time for filing both a direct appeal and a PCRA
petition has expired, and the state procedural rules prohibit Williams from bringing these
claims in state court. *See* PA. R. APP. P. 903(a) (time for filing a direct appeal); 42 PA. CONS.
STAT. § 9545(b)(1) (PCRA statute of limitations); 42 PA. CONS. STAT. § 9544(b) (PCRA
waiver rule). Because there are no longer any state remedies available to Williams, the
claims are procedurally defaulted, and review of the claims is barred. *Coleman*, 501 U.S. at
731-32; *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

Williams acknowledges that "[g]rounds [e]leven and [f]ifteen were not presented in
any State or Federal court due to prior counsel failing to review the record properly and
raise these issues of merit." (Doc. 1, at 33). In ground eleven, Williams asserts that the trial
court erroneously instructed jurors regarding the charge of intent. (Doc. 1, at 22). As stated
*supra*, *Martinez* does not apply to the procedural default of claims of trial court error. *See,
e.g., House*, 2015 WL 4508937, at \*4.

In ground fifteen, Williams asserts that trial counsel was ineffective for failing to
object to the jury being instructed on the crime of burglary. (Doc. 1, at 30). This type of
unsupported, conclusory allegation of deficient performance is insufficient to establish that

21

Williams' underlying claim of ineffective assistance of trial counsel has "some merit."

*Martinez*, 566 U.S. at 14. The record reflects that Williams was charged with second-

degree murder and criminal conspiracy to commit murder. (Doc. 1, at 1). Following a jury

trial, he was convicted of both charges. (*Id.*). Williams was not charged with, nor convicted

of, burglary. (*Id.* at 3). A general, unsupported claim that a trial attorney should have taken

some action, without any basis for establishing that the attorney's acts or omissions

prejudiced their client, simply cannot satisfy the *Martinez* exception to procedural default.

This claim is therefore procedurally defaulted and unreviewable.

B.    Exhausted Claims—Grounds One through Five of the Original Habeas
Petition and Ground Two of the Amendment to the Habeas Petition

1.    **Ground One of the Original Habeas Petition**

In ground one, Williams alleges that trial counsel was ineffective for failing to call a

toxicologist/expert witness to testify as to the effects of drugs on his system during his

statement to police. (Doc. 1, at 5). This claim was fully adjudicated during the PCRA

proceedings. The Superior Court ultimately found that Williams was not entitled to relief on

this claim and found as follows:

> In issue 1(a), Appellant argues trial counsel was ineffective for failing to call a
> toxicologist to testify regarding the effects of drugs in Appellant's system
> when he gave a statement to police. Appellant's Brief at 14. Specifically,
> Appellant contends that if "a toxicologist had been called to testify on his
> behalf, [the testimony] would have refuted the finding by the suppression
> court that [Appellant's] statement was given while sober," and was therefore
> voluntary. *Id.* at 15. "[T]o establish ineffectiveness for failing to call an expert
> witness, an appellant must establish that the witness existed and was
> available; counsel was aware of, or had a duty to know of the witness; the

22

witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice to the appellant." *Commonwealth v. Weiss*, 81 A.3d 767, 804 (Pa. 2013) (citation omitted).

In this case, Appellant failed to show that an expert witness was willing and able to appear at trial. He offers no proof of the testimony an expert would have given. Additionally, his first court-appointed PCRA counsel contacted a toxicologist and then subsequently withdrew as counsel when, after reviewing the recorded interview with police, the toxicologist found Appellant was not so impaired at the time of his interrogation that he did not knowingly waive his rights. As such, Appellant's argument that trial counsel was ineffective for failing to call an expert witness lacks arguable merit.

*Commonwealth v. Williams*, 2017 WL 3910236, at *2-3 (footnote omitted).

To reiterate, when considering the prejudice prong of *Strickland*, a court must evaluate the effect of counsel's inadequate performance in light of the totality of evidence. This Court does not inquire as to whether the Court "believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted) (internal quotation marks omitted). Under this demanding standard, Williams fails to show that the state court's decision was an unreasonable application of *Strickland* or that it was an unreasonable application of the facts in light of the evidence presented. In evaluating prejudice, the Superior Court considered the totality of the available evidence during the PCRA proceeding. In the Superior Court's opinion, it noted that in establishing whether defense counsel was ineffective for failing to call a witness, a defendant must prove the witness existed, the witness was ready and willing to

testify, and the absence of the witness' testimony prejudiced the defendant and denied him a fair trial. *Commonwealth v. Williams*, 2017 WL 3910236 at *2. In applying Pennsylvania's failure to call a witness standard to Williams' claim, the Superior Court found that Williams failed to meet his burden as he was unable to identify any expert witness, he was unable to establish that the alleged expert was willing and able to testify, and he was unable to offer proof of the expert's testimony. *Id.* at *3. Importantly, the Superior Court also noted that Williams' first court appointed PCRA counsel contacted a toxicologist and the toxicologist found that Williams was not so impaired at the time of his interrogation that he did not knowingly waive his rights. *Id.* The Superior Court thus found that trial counsel was not ineffective. *Id.*

On the whole, it is clear that the Superior Court's prejudice analysis reflected a reasonable application of "clearly established" federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Jacobs v. Horn*, 395 F.3d 92, 106 (3d Cir. 2005). It was also a reasonable determination of the facts in light of the evidence presented. Moreover, the United States Court of Appeals for the Third Circuit has held that the precise choice made here, to forego calling certain witnesses, is an appropriate tactical decision that does not entitle a petitioner to habeas corpus relief on the grounds of ineffective assistance of counsel. *Alexander v. Shannon*, 163 F. App'x 167, 175 (3d Cir. 2006). *See also Sanders v. Trickey*, 875 F.2d 205, 212 (8th Cir. 1989) (trial counsel's failure to call a witness "is

precisely the sort of strategic trial decision that *Strickland* protects from second-guessing").

The Court thus finds that Williams is not entitled to relief on this claim.

### 2. Ground Two of the Original Habeas Petition and Ground Two of the Amendment to the Habeas Petition

In ground two of both original habeas petition and amendment to the petition,

Williams asserts that the trial court erroneously instructed the jurors that "of course

[Williams] intended to kill" and therefore relieved the Commonwealth of its burden to prove

its case beyond a reasonable doubt. (Doc. 1, at 6; Doc. 27, at 6-8). The Superior Court

ultimately found that Williams was not entitled to relief on this claim and reasoned as

follows:

> In Appellant's final claim for ineffective assistance of counsel, he argues that
> trial counsel failed to object to instructions given to the jury. Specifically, the
> trial court gave the following jury instruction:
>
> > So if either of these two defendants in this case you find beyond a
> > reasonable doubt entered the apartment, and at the time they
> > entered the apartment, intended to assault—not necessarily kill—but,
> > of course they intended to kill, that would be also there for your
> > consideration.
>
> N.T., 7/29/2005, at 817. Appellant argues that because the trial court
> explicitly stated that he and his co-defendant intended to kill in its instructions,
> "the jury had no choice other than to convict [Appellant]." Appellant's Brief at
> 23-24.
>
> It is well settled that in reviewing a challenge to a jury instruction, the charge,
> as whole, must be considered. *Commonwealth v. Lesko*, 15 A.3d 345, 397
> (Pa. 2011). Furthermore, the trial court has broad discretion in phrasing the
> instructions, so long as the directions given "clearly, adequately, and
> accurately" reflect the law. *Id.* When viewing the instruction as a whole, we
> are convinced that Appellant was not prejudiced. The trial judge thoroughly

instructed the jury on the intent requirements of each crime. Furthermore, in his closing remarks to the jury, the trial judge stated "[i]t will be your responsibility to consider the evidence, find the facts, and apply the law to the facts as you find them, to decide whether the [d]efendant or [d]efendants have been proven guilty beyond a reasonable doubt." N.T., 7/29/2005, at 833. Again, as previously stated, we presume the jury followed the trial court's instructions. *Mason*, 130 A.3d at 673. The jury also submitted questions to the court, which indicates that they clearly understood they had a "choice" of whether or not to find Appellant guilty. Thus, Appellant's claim of counsel ineffectiveness lacks arguable merit.

*Commonwealth v. Williams*, 2017 WL 3910236, at *5.

Upon review, the Court finds that Williams' challenge to the above-referenced jury instruction lacks merit. The Superior Court found that Williams was not prejudiced based on its reading of the jury charge as a whole. *Id.* The Superior Court noted that the challenged charge was clear, as was the trial court's instruction on the intent requirements of each crime. *Id.* In light of the trial judge's instruction on the elements of the crimes, and his closing remarks that the jurors had the responsibility to consider the evidence, facts, and the law in determining whether the defendant or defendants had been proven guilty beyond a reasonable doubt, the Superior Court found no reason to believe that the jurors could not or did not follow the trial court's instructions. *Id.* This is especially true given that after the trial court instructed the jury, the jury submitted questions to the court. *Id.* As such, the Superior Court's decision regarding Williams' challenge to the jury instruction was reasonable in light of the evidence presented. Williams is not entitled to habeas relief on this ground.

### 3.    Ground Three of the Original Habeas Petition

Williams next asserts, in ground three that trial counsel was ineffective for failing to

request a mistrial or curative instruction when the jury saw Williams in handcuffs and

shackles. (Doc. 1, at 8). Williams presented this ineffectiveness claim in his PCRA

proceedings, and the Superior Court denied the claim as follows:

> In Appellant's issue 1(b), he alleges trial counsel was ineffective for failing to
> request a mistrial after Appellant was seen by the jury in shackles and
> handcuffs. Appellant argues that the jury was brought back into the
> courtroom after a lunch break and briefly observed Appellant in shackles and
> handcuffs before being escorted out. Appellant's Brief at 17. Appellant's trial
> counsel brought this issue to the attention of the court, however counsel did
> not request a mistrial. Appellant argues that "[b]ecause [t]rial [c]ounsel failed
> to request a mistrial and failed to request cautionary instructions, [ ] Appellant
> suffered prejudice and counsel was ineffective." *Id.* at 20.
>
> It is well-settled that "[a] brief accidental sighting of a defendant in custodial
> trappings, without more, is not so inherently prejudicial as to significantly
> impair the presumption of innocence to which the defendant is entitled."
> *Commonwealth v. Neary*, 512 A.2d 1226, 1230 (Pa. Super. 1986); see also
> *Commonwealth v. Valerio*, 712 A.2d 301, 302 (Pa. Super. 1998) (finding that
> a mere accidental observation of a defendant in handcuffs outside a
> courtroom by a juror does not, without more, require the granting of a
> mistrial). Further, it is unclear whether any members of the jury actually saw
> Appellant handcuffed and Appellant has offered no evidence as to how he
> suffered prejudice. Moreover, the jury was specifically instructed regarding
> the constitutionally mandated presumption of innocence to which Appellant is
> entitled. N.T., 7/29/2005, at 797. Juries are presumed to follow the court's
> instructions. *Commonwealth v. Mason*, 130 A.3d 601, 673 (Pa. 2015)
> (citation omitted). Thus, we find Appellant's claim lacks merit.

*Commonwealth v. Williams*, 2017 WL 3910236, at *3.

Williams contends that his trial counsel was constitutionally ineffective

because he failed to request a mistrial or curative instruction after the jury briefly

observed him in shackles and handcuffs. (Doc. 1, at 8). As discussed above, the

Superior Court found that Williams suffered no prejudice from being seen in shackles

and handcuffs while being escorted out of the courtroom. *Commonwealth v.*

*Williams,* 2017 WL 3910236, at *3. The Superior Court further noted that there is no

indication in the record that the jury actually saw Williams in handcuffs. *Id.* As

stated, Williams' challenge was cast as a claim for ineffective assistance of counsel,

based upon counsel's failure to request a mistrial or curative instruction, and this

claim was rejected by the Superior Court. *Id.*

This Court agrees that the Superior Court's finding—that Williams did not suffer any

prejudice from being briefly seen in shackles and handcuffs while being escorted—is not an

unreasonable determination of the facts in light of the evidence presented in the state court

proceedings. In the absence of any prejudice, Williams cannot, under *Strickland,* establish

that he was deprived of the effective assistance of counsel as to this issue. Thus, the

Superior Court's denial of this claim was neither contrary to nor an unreasonable application

of *Strickland.* Williams is not entitled to federal habeas relief on this claim.

### 4.    Ground Four of the Original Habeas Petition

Williams' contention, in ground four, is that trial counsel was ineffective for failing to

request a mistrial or curative instruction when a juror was sleeping during portions of the

trial. (Doc. 1, at 9). In considering, and denying this claim, the Superior Court found as

follows:

28

> In Appellant's third sub-issue, he argues trial counsel was ineffective for
> failing to seek the dismissal of a juror who was allegedly sleeping during trial.
> More specifically, another juror alerted the trial court that a member of the jury
> was possibly sleeping while Appellant's co-defendant testified. Appellant's
> Brief at 20. However, when questioned, the juror claimed she was closing her
> eyes to concentrate on the testimony. *Id.* This Court decided a similar issue
> in *Commonwealth v. Lawson*, 762 A.2d 753 (Pa. Super. 2000). In *Lawson*,
> we stated "[e]ven if a juror slept through portions of the trial…appellant did not
> demonstrate that, but for the sleeping juror, the outcome of the trial would
> have been different." *Id.* at 757. Likewise, in this case, the Commonwealth
> presented ample evidence to convict Appellant. Further, it was never
> established that the juror was actually sleeping. However, even if the juror
> were sleeping, Appellant failed to show that, but for the sleeping juror, the
> outcome of the trial would have been different. Thus, Appellant has not
> demonstrated that he suffered actual prejudice, and therefore, his claim fails.

*Commonwealth v. Williams*, 2017 WL 3910236, at *3.

With respect to this claim, Williams fails to satisfy either prong of *Strickland*. First,

Williams fails to demonstrate that the juror was sleeping. The record suggests that the juror

merely closed her eyes to concentrate on the testimony. *Commonwealth v. Williams*, 2017

WL 3910236, at *3. Without a sufficient showing that the juror was, in fact, sleeping, this

Court cannot say that Williams was somehow prejudiced by trial counsel's failure to pursue

this issue.

Second, even if the juror was sleeping, Williams fails to demonstrate that his

counsel's performance was deficient. It could have been sound trial strategy to forego

pursuing the sleeping juror issue because, for example, trial counsel might have concluded

that pursuing the matter would have been fruitless given that the juror testified that she was

not sleeping. Or, by way of another example, the juror in question may have been one that

trial counsel wanted to keep. Accordingly, this Court cannot say that trial counsel's performance was deficient.

Third, even if the juror was sleeping and his trial counsel's performance was deficient, Williams fails to establish that any prejudice resulted from the alleged ineffective assistance. Williams merely contends that the juror was asleep for approximately thirty minutes. (Doc. 1, at 9). As the Superior Court found, Williams failed to establish that the outcome would have been different had his counsel confronted the issue. *Commonwealth v. Williams*, 2017 WL 3910236, at *3. This was supported by the "ample evidence" the Commonwealth presented to convict Williams. *Id.* The Court finds that Williams is not entitled to habeas relief on this claim.

### 5.    Ground Five of the Original Habeas Petition

Finally, in ground five, Williams contends that trial counsel was ineffective for advising him to testify in accordance with an illegally obtained police statement. (Doc. 1, at 10). Williams presented this claim in his PCRA proceedings, and the Superior Court found the claim waived, and meritless, as follows:

> In his issue 1(d), Appellant contends trial counsel was ineffective for advising Appellant to testify according to his statement given to police, which Appellant alleges was given while he was under the influence of drugs. Appellant's Brief at 22. Specifically, Appellant argues that "[b]y advising [ ] Appellant to testify in this manner, [ ] Appellant was [giving] legitimacy to that statement that was given while under the influence of marijuana and PCP." *Id.* However, Appellant's three-sentence argument is underdeveloped and devoid of any citations to legal authority. As such, we find Appellant's claim waived.

> *See* Pa.R.A.P. 2119; *see also Commonwealth v. Gibbs*, 981 A.2d 274, 281
> (Pa. Super. 2009) (finding claim waived where appellant's argument is
> underdeveloped and fails to develop argument supported by legal authority).
> Moreover, even assuming *arguendo* that Appellant did not waive this claim, it
> is otherwise meritless. We find no evidence in the record, and Appellant cites
> none, to suggest that his decision to testify was made involuntarily. Nor do
> we find that trial counsel's recommendation that Appellant testify on his own
> behalf was without a reasonable basis. Finally, having already determined
> that there was no merit to Appellant's claim that he was under the influence of
> drugs when he gave statements to police, it would have been reasonable for
> trial counsel to recommend that Appellant testify at trial consistent with those
> statements.

*Commonwealth v. Williams*, 2017 WL 3910236, at *4.

As stated *supra*, when the state court does not address the merits of a claim

because the petitioner failed to follow the state's procedural rules in presenting the

claims, the claim will be considered procedurally defaulted if the rule upon which the

state court relied is independent of the constitutional issue and adequate to support

the decision. *Maples*, 565 U.S. at 280; *Harris*, 489 U.S. at 260. Here, the default is

based on the Superior Court's finding of waiver, specifically Williams' failure to

develop the claim. *Commonwealth v. Williams*, 2017 WL 3910236, at *4. Williams

has waived this claim under state law and, as a result, has procedurally defaulted

this claim in this forum. Williams has provided the Court with no basis upon which to

excuse his default of this claim. (Doc. 1, at 10-11).

The Superior Court further found that assuming *arguendo* that Williams did

not waive this claim, it was also meritless. *Commonwealth v. Williams*, 2017 WL

3910236, at *4. The Superior Court noted that there was no evidence in the record

to suggest that Williams' decision to testify was made involuntarily, and that it was reasonable for trial counsel to recommend that Williams testify on his own behalf. *Id.* Additionally, the Superior Court found that there was no merit to Williams' claim that he was under the influence of drugs when he gave statements to police, thus it would have been reasonable for trial counsel to recommend that Williams testify at trial consistent with the statements he gave to police. *Id.* The Superior Court concluded that the foregoing provided a reasonable basis for trial counsel's conduct and rejected Williams' ineffectiveness claim. *Id.*

This Court concludes that the Superior Court's ruling does not involve an unreasonable application of *Strickland*'s first prong. The strategic decision was based upon trial counsel's knowledge and experience. In addition, the Superior Court found that there was simply no evidence that Williams testified involuntarily and no merit to Williams' claim that he was under the influence of drugs when he gave the prior statements to police. For these reasons, this Court will not disturb the Superior Court's ruling, given the narrow standard of review—whether the ruling was a reasonable application of the *Strickland* standard.

## V.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Williams' claims should be denied for the reasons given herein. Accordingly, the Court will not issue a certificate of appealability.

## VI. Conclusion

The Court will deny the § 2254 petition for writ of habeas corpus and amendment to the petition. (Docs. 1, 27). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March _____, 2025